UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Cause No. 2:19-cv-106 |
| $139,000.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT IN REM

Plaintiff, United States of America, by its attorneys, Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, and Orest Szewciw, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America, pursuant to 21 U.S.C. § 881(a)(6), U.S. Currency in the amount $139,000.00 (hereinafter referred to as "defendant property").

## THE DEFENDANT IN REM

2. Defendant property was seized on September 22, 2018, from Dengming Chen and Qihua Chen, in Lake County, Indiana. Defendant property is in the custody of the United States Marshal's Service in South

Bend, Indiana.

## JURISDICTION AND VENUE

3. Plaintiff brings this action <u>in rem</u> in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has both *in rem* and subject matter jurisdiction over the defendant property under 28 U.S.C. § 1355(b)

5. Venue is proper in this district pursuant to 28 U.S.C. §1395(b), because the defendant property was found within this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constitutes money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act.

## FACTS

7. On September 22, 2018, a law enforcement officer conducted a traffic stop of a vehicle, a 2016 Porsche Cayenne ("Porsche") driven by Dengming Chen ("D. Chen"). Also in the vehicle was a passenger, Qihua Chen ("Q. Chen"). The officer asked D. Chen to step out of his vehicle and sit in the police vehicle while the officer conducted a registration check of the vehicle.

8. The officer inquired of D. Chen the purpose of their travel. D. Chen stated they were driving to San Francisco from New York to visit family. A vehicle registration check showed that the vehicle registered to a Xinfang Liang. When the officer asked D. Chen to whom the vehicle belonged, D. Chen stated that he didn't know, then changed his answer and stated it belonged to Q. Chen, the passenger. The officer asked D. Chen whether there were any weapons, drugs or large amounts of currency in the Porsche. D. Chen stated "no." The officer requested and D. Chen consented to a search of the Porsche. D. Chen stated there was no luggage in the vehicle.

9. During the conversation with D. Chen, the officer observed Q. Chen exit the Porsche and pace around in a manner the officer deem anxious. The officer then approached the Porsche and spoke with Q. Chen and asked the purpose of their travel. Q. Chen stated they were traveling to Sacramento to meet a friend. He also stated that the Porsche belonged to his wife. The officer asked Q. Chen whether there were any weapons, drugs or large amounts of currency. Q. Chen stated "no," and stated that there was no luggage in the vehicle. The officer requested and Q. Chen consented to a search of the Porsche.

10. While conducting a search of the Porsche, the officer discovered a backpack on the rear floorboard behind the front passenger seat. Inside the backpack was a red plastic bag marked "Duty Free" containing several

rubber-banded bundles of U.S. currency. The currency consisted of 6,950 $20s. Also in the backpack were two black plastic vacuum-sealed packages containing several rubber-banded bundles of U.S. currency. Four i-phones were also found in the vehicle, along with luggage.

11. Other officers arrived at the scene. Upon questioning by them, D. Chen stated that he was riding along with Q. Chen in hopes of finding a job. D. Chen stated that he knew they were heading to California but was not clear on the reason for the trip. He stated he had no knowledge of the currency in the vehicle. Q. Chen stated that he owned a construction company in New York and that about $100,000.00 of the currency in the vehicle was his and the remaining amount belonged to two friends who he refused to name. Q. Chen stated he was traveling to California in hopes of finding a place to purchase or rent as an office that would serve as a place of business for a similar construction company (as the one in New York). Q. Chen stated he was unsure how long he would stay in California, was not working with a realtor and did not have any particular properties in mind to rent or purchase.

12. The officer then read a consent form to Q. Chen for the search of his cellular phones. Q. Chen signed the consent form, unlocked his phones and gave the officer the pin codes. The officers saw texts and videos containing incriminating statements pertaining to the sale and purchase of marijuana. The videos showed a large marijuana grow inside a residence,

which videos appear to have been taken by Q. Chen, as they included his voice on the video. In addition, several receipts were located in the phone data from FedEx pertaining to shipments from California to Q. Chen in New York.

  13. A further review of Q. Chen's phone revealed receipts in the "images" and "video" sections indicating shipments each weighing several pounds via 3 day overnight from California to New York and New Jersey. Within the "chats" section of the phone were several conversations between Q. Chen and others clearly indicating Q. Chen was selling marijuana. Specifically, amounts, quality and cost were discussed while arranging the sale.

  WHEREFORE, the plaintiff requests that the defendant property be forfeited and condemned to the United States of America; that Warrant of Arrest In Rem be issued for defendant properties; that the plaintiff be awarded its costs and disbursements in this action; and for such other relief this court deems proper and just.

         Respectfully submitted,

         THOMAS L. KIRSCH II
         UNITED STATES ATTORNEY

      By: <u>/S/ Orest Szewciw</u>
         Orest Szewciw
         Assistant U.S. Attorney
         5400 Federal Plaza, Suite 1500
         Hammond, Indiana 46320
         (219)937-5500; fax: 219-852-2770
         [email:orest.szewciw@usdoj.gov](mailto:orest.szewciw@usdoj.gov)

## **VERIFICATION**

I, David Murray, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration (DEA); that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge.

The sources of my knowledge and information are the official files and records of DEA, along with information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated: *March 20th, 2019*

David Murray
Task Force Officer, DEA

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below**; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                            )<br>              Plaintiff,                         )<br>    v.                                                 )<br>                                                            )   Cause No. 2:19-cv-106<br>                                                            )<br>$139,000.00 in U.S. Currency,     )<br>                                                            )<br>              Defendant.                    )   | |

## WARRANT FOR ARREST IN REM

TO:   THE UNITED STATES MARSHAL FOR THE NORTHERN DISTRICT OF INDIANA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

         WHEREAS, on  March 20, 2019, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Northern District of Indiana against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for reasons mentioned in the complaint;

         NOW THEREFORE, you are hereby commanded to arrest and take into your possession the above-named defendant property and to use whatever means appropriate to protect and maintain it in your custody until further order of the Court.

         YOU ARE FURTHER COMMANDED to provide notice of this action to any person thought to have a potential interest in or claim against the defendant property by serving upon such person or to the attorney representing the potential claimant with respect to the seizure of the property, a copy of this warrant of arrest in rem and the verified complaint, in a manner consistent with the principles of service of process of an action in rem under the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure.

    This warrant provides notice that in order to avoid civil forfeiture of the property, any person claiming an interest in, or right against, the property must file a claim in the court where the action is pending, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by *the claimant* under penalty of perjury, and be served on the government attorney handling the case. A claimant must file a claim no later than 35 days after the date the notice is sent or, as applicable, no later than 30 days after the date of final publication of the notice of civil forfeiture. In addition, any person having filed such a claim shall also file an answer or motion to the complaint no later than 20 days after the filing of the claim.

    All claims and answers or motions for the defendant property must be filed with the Office of the Clerk, United States District Court for the Northern District of Indiana, 5400 Federal Plaza, Hammond, Indiana 46320, and a copy of the claim and answer or motion sent to Assistant United Sates Attorney Orest Szewciw, United States Attorney's Office, 5400 Federal Plaza, Suite 1500, Hammond, Indiana 46320.

    Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. §§1602-1621.

    YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Dated: _____             Robert N. Trgovich
                                         Clerk of the Court

                                   By: _____
                                         Deputy Clerk